IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DENNIS M. WOLFEL,**

       **Plaintiff,**

  vs.                                      Civil Action 2:09-CV-756

                                              Magistrate Judge King

**SGT. BEN GILLIAM,** *et al.,*

       **Defendants.**

<u>**OPINION AND ORDER**</u>

    Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 1983 and 1985, alleging that defendants conspired and retaliated against him for engaging in protected activity in violation of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution. With the consent of the parties, *see* 28 U.S.C. §636(c), this matter is before the Court on three pending motions: *Plaintiff's Motion to Compel Discovery and Toll the 120 Days in Which to Serve Defendants Inmates #1 and #2*, Doc. No. 17 ("*Motion to Compel*"); *Defendants' Motion for Summary Judgment*, Doc. No. 20 ("*Motion for Summary Judgment*"); and *Plaintiff's Motion to Deny or Put Defendants' Motion for Summary Judgment in Abeyance Pending Discovery and to Obtain Affidavits*, Doc. No. 21 ("*Plaintiff's Rule 56(f) Motion*").

**I.    BACKGROUND**

    Plaintiff is currently an inmate at Lebanon Correctional Institution ("LeCI"). However, at all times relevant to the matters raised in the verified *Civil Rights Complaint* ("*Verified Complaint*"),

Doc. No. 4, plaintiff was incarcerated at the London Correctional Institution in London, Ohio ("LCI"). *Verified Complaint* ¶ 3.

In December 2007, plaintiff filed a separate civil rights action in this Court, naming as defendants, *inter alios*, Russell Parrish, Deb Timmerman-Cooper and Gary R. Croft. *Id*. at ¶ 4 (citing *Wolfel v. Collins*, Case No. 2:07-cv-1296).

On June 23, 2008, plaintiff filed an informal complaint, alleging harassment, against defendant Sergeant Gilliam ("Informal Complaint"). *Id*. at ¶ 17.

On July 3, 2008, the same day that his deposition in *Wolfel v. Collins* was taken, plaintiff was placed in disciplinary isolation pending an investigation into whether he had violated LCI rules. *Id*. at ¶ 25 (citing *Exhibit A1-A2*, attached thereto). Thereafter, on July 14, 2008, plaintiff was served with a conduct report ("the Conduct Report"), charging him with violating Rule 8 (threatening bodily harm on another) and Rule 60 (aiding and abetting or conspiracy to violate another rule). *Id*. at ¶¶ 26-30 (citing *Exhibit B*, attached thereto). The Conduct Report referenced confidential statements provided by two unidentified inmates ("Inmate #1" and "Inmate #2"). *Id*. at ¶ 29.

On August 14, 2008, LCI's Rules Infraction Board ("RIB") held a hearing on the charges contained in the Conduct Report ("the RIB proceedings" or "disciplinary proceedings"). *Id*. at ¶ 31. Plaintiff was not permitted to read the confidential statements or to cross-examine as witnesses Inmate #1 and Inmate #2. *Id*. at ¶ 33. The RIB found plaintiff guilty of violating LCI Rules 8 and 60 and recommended as punishment 15 days on disciplinary control status (August 14, 2008 through August 29, 2008) and scheduled a Local Control Placement

Review hearing. *Id*. at ¶¶ 34-37 (citing *Exhibit C*, attached thereto). Plaintiff appealed the RIB decision, which was affirmed. *Id*. at ¶ 38.

In August 2008, plaintiff received a letter from an inmate identified as "Smith," which plaintiff believed undermined plaintiff's disciplinary conviction. *Id*. at ¶¶ 40-41. Plaintiff presented the letter's contents at the Local Control Placement Review hearing. *Id*. at ¶ 42. However, LCI personnel believed that plaintiff's friend wrote the letter and plaintiff's security level was increased. Plaintiff was transferred to LeCI. *Id*. at ¶¶ 42-44.

On January 5, 2009, plaintiff filed a grievance with LCI regarding the above events. *Id*. at ¶ 46 (citing *Exhibits D1-D8*, attached thereto). On January 9, 2009, LCI's Institutional Inspector issued an unfavorable decision, which plaintiff appealed on January 20, 2009. *Id*. at ¶¶ 47-48. The *Verified Complaint* alleges that defendant Gary Croft did not render a written decision on this grievance appeal within 30 days. *Id*. at p. 18.[1]

## II. *Motion for Summary Judgment*

### A. Standard

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

---

[1] However, after the *Verified Complaint* was filed, defendants, in moving for summary judgment, present evidence that the Office of the Chief Inspector responded in writing to plaintiff's grievance appeal on April 17, 2009. *Exhibit D*, attached to *Motion for Summary Judgment*. Plaintiff has not disputed this evidence.

3

> the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact ...."  *Id.*  In making this determination, the evidence must be viewed in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970).  Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).  However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party.  *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *Catrett,* 477 U.S. at 323.  Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995) ("[T]he nonmoving

party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial."). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Gover v. Speedway Super Am. LLC,* 284 F. Supp.2d 858, 862 (S.D. Ohio 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the non-moving party "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Gover*, 284 F.Supp. 2d at 862 (quoting *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989) (internal citation marks omitted)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*

**B.   Pro Se Status**

In this case, plaintiff is proceeding without the assistance of counsel. A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should

make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp.2d 746, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id*. at 746 (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the pro se litigant." *Id*. (citing *Hall*, 935 F.2d at 1110).

    **C. Analysis**

The Court construes plaintiff's *Verified Complaint* to assert the following claims: Section 1985 civil conspiracy; violation of due process rights; violation of rights under the Eighth Amendment; violation of right of access to the courts and retaliation. The Court will address each claim in turn.

    **1. Civil conspiracy**

Plaintiff alleges that defendants conspired to deprive him of rights, privileges and immunities guaranteed under the Constitution. *Verified Complaint*, p. 17. Defendants argue that this claim is without merit because, *inter alia*, plaintiff has not alleged that he is a member of a protected class. This Court agrees.

To state a cause of action under 42 U.S.C. § 1985(3), a plaintiff must show:

(1) a conspiracy involving two or more persons;

6

> (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws;
>
> (3) an act in furtherance of the conspiracy; and
>
> (4) a resulting injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)).  "A plaintiff also must show that the conspiracy was motivated by racial or other class-based invidiously discriminatory animus."  *Id*.  Accordingly, Section 1985(3) "only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) 'those individuals who join together as a class for the purpose of asserting certain fundamental rights.'"  *Bartell v. Lohiser*, 215 F.3d 550, (6th Cir. 2000) (quoting *Browder v. Tipton*, 630 F.2d 1149 (6th Cir. 1980)).

Here, plaintiff alleges that he "was among a class of people who filed lawsuits and grievances," *Verified Complaint*, p. 17, but does not allege that the alleged conspiracy was motivated by race or other class-based animus sufficient to state a claim under Section 1985(3).  Accordingly, as to plaintiff's civil conspiracy claim, the *Motion for Summary Judgment* is **GRANTED**.

### 2. Due process

Plaintiff appears to assert a claim based on a violation of his due process rights under the Fourteenth Amendment.  *Verified Complaint*, pp. 17-18.  Defendants contend that they are entitled to summary judgment on this claim.  This Court agrees.

The Due Process Clause of the Fourteenth Amendment provides in

relevant part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV.  "'Those who seek to invoke its procedural protection must establish that one of these interests is at stake.'" *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005) (quoting *Wilkinson v. Austin*, 545 U.S. 209, 125 S. Ct. 2384, 2393 (2005)).  Therefore, a court addresses two questions in a procedural due process analysis. *Id*.  "'The first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'"  *Id*. (quoting *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).  See also *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999).

In the prison context, "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Instead, "there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*.  Accordingly, prisoners enjoy procedural safeguards only to the extent necessary to protect substantive rights. *See Washington v. Harper*, 494 U.S. 210, 220 (1990) ("Procedural protections must be examined in terms of the substantive rights at stake.").  The United States Supreme Court has held that the only liberty interest that a prisoner may protect through Section 1983 is "freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472,

484 (1995).

Here, none of the adverse actions stemming from the RIB proceedings (segregation, increase in security level and transfer to a different institution) rise to the level of a constitutional deprivation. First, segregation does not qualify as an "atypical and significant hardship." *See*, *e.g.*, *Sandin*, 515 U.S. at 484; *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Accordingly, there can be no due process violation premised on time spent in segregation in this case.

Second, to the extent that plaintiff argues that an increase in his security level and transfer from LCI to LeCI violated his due process rights, this argument is without merit. Prisoners do not have a federally protected right in remaining at any particular security level. *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). The transfer of an inmate to another institution, not a "Supermax" facility, does not implicate constitutionally protected liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222 (2005);[2] *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Harbin-Bey*, 420 F.3d at 577. Here, no liberty interest is implicated because plaintiff was transferred to LeCI, which is not a "Supermax" facility. *Id*.

Third, to the extent that plaintiff bases his due process claim on allegations that the RIB refused to permit him to call Inmate #1

---

[2] "Supermax facilities are maximum-security prisons with highly restrictive conditions, designed to segregate the most dangerous prisoners from the general prison population." *Wilkinson*, 545 U.S. at 213. Ohio has only one Supermax facility, the Ohio State Penitentiary (OSP), which was opened in 1998. *Id*. at 214.

9

and Inmate #2 as witnesses, *see*, *e.g.*, *Verified Complaint* ¶¶ 29, 33, that reliance is misplaced. As discussed *supra*, plaintiff cannot establish that he had a protected liberty interest. Therefore, plaintiff's allegation that he was denied the opportunity to call witnesses during disciplinary proceedings, which ultimately resulted in a finding of guilty, fails to establish a violation of due process rights. *See*, *e.g.*, *Williams v. Wilkinson*, Nos. 01-3082, 01-3243, 51 Fed. Appx. 553, at 557 (6th Cir. 2002).

Furthermore, contrary to plaintiff's allegation that the RIB's finding was unsupported by "any evidence," *Verified Complaint* ¶¶ 34, 36, plaintiff admits that defendants did rely on some evidence (*i.e.*, confidential statements and defendant Bricker's testimony) in reaching their decision. *Id*. at ¶¶ 36-37; *Exhibit C*, attached thereto. "[T]he requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board[.]" *Superintendent, Massachusetts Correctional Institution at Walpole v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added). *See also Young v. Tennessee Dep't of Corr.*, 863 F.2d 50 (6th Cir. 1988) (affirming *sua sponte* dismissal of plaintiff prisoner's due process claim where "some evidence" existed to support the disciplinary board's decision). Accordingly, even though plaintiff does not agree with the evidence or with the RIB's conclusions, there was some evidence to support the decision. Because the decision is supported by "some evidence," plaintiff's due process rights were not violated.[3]

---

[3]Furthermore, plaintiff's allegation that the RIB relied on "fabricated" confidential statements does not save his due process claim. *See*, *e.g.*, *Jackson v. Hamlin*, 61 Fed. Appx. 131, 132 (6th Cir. 2003) (A "prisoner has no constitutional right to be free from false accusations of misconduct.")

Finally, plaintiff complains that defendant Croft, as "Chief Inspector of the Ohio prison grievance procedure," failed or refused "to render a written decision on plaintiff's grievance appeal within 30 days as required by Rule 5120-9-31 of the Ohio Administrative Code,"[4] in violation of plaintiff's constitutional rights. *Verified Complaint*, p. 18.[5] Plaintiff also alleges that defendant Russell Parrish failed to fully investigate plaintiff's Informal Complaint. *Id*. at ¶ 18. However, these allegations "do not state a claim because there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003). *See also Walker v. Michigan Dep't of Corrections*, 128 Fed. Appx. 441, 445 (6th Cir. 2005) ("[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Moreover, as stated *supra*, plaintiff has failed to establish that he has a protected liberty interest. Accordingly, as it relates to plaintiff's claim of a violation of his procedural due process rights, the *Motion for Summary Judgment* is **GRANTED**.

### 3. Eighth Amendment

Plaintiff alleges that defendants violated his Eighth Amendment

---

(citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

[4]O.A.C. § 5120-9-31 provides, in pertinent part, that "[t]he chief inspector or designee(s) shall provide a written response within thirty calendar days of receipt of the appeal [of the grievance]." O.A.C. § 5120-9-31(K)(3).

[5]In addition, as stated *supra*, plaintiff has not disputed or otherwise responded to defendants' evidence that defendant Croft issued a written response to plaintiff's grievance on April 17, 2009. Based on the present record, the Court agrees with defendants that the allegations against defendant Croft relating to a failure to respond in support of a due process claim are now moot.

rights.  *Verified Complaint*, p. 18.  The Eighth Amendment, which applies to the states through the Due Process Clause of the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660, 666 (1962), prohibits the infliction of "cruel and unusual punishments" on those convicted of crimes.  U.S. Const. amend. VIII.  The Sixth Circuit "requires evidence of at least one specific condition to prove a violation of the eighth amendment; a general allegation of indecent general circumstances usually is not sufficient."  *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989) (citing *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985)).

Other than a passing reference to the Eighth Amendment, plaintiff does not identify how his rights were violated.  This vague and conclusory assertion is insufficient to withstand a motion for summary judgment.  *See*, *e.g.*, *id.*; *Cincinnati Bell Tel. Co. v. Allnet Communication Servs.*, 17 F.3d 921, 923 (6th Cir. 1994).  Accordingly, as it relates to plaintiff's claim of a violation of Eighth Amendment rights, the *Motion for Summary Judgment* is **GRANTED**.

    **4.   Access to the courts**

To the extent that the *Verified Complaint* purports to assert a claim based on his right of access to the courts, *Verified Complaint*, p. 18, that claim also fails.  Although prisoners enjoy a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), that right is not without limit, *Lewis v. Casey*, 518 U.S. 343, 349 (1996).  The United States Court of Appeals for the Sixth Circuit explains that the constitutional right "is not a generalized right to litigate but a carefully-bounded right":

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 355). "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Id*.

Moreover, a plaintiff-prisoner claiming the denial of his right of access to courts must show that he suffered an "actual injury" that was caused by more than mere negligence on the part of prison officials. *Lewis*, 518 U.S. at 349; *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005) ("[W]hen access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs."). *Cf. Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) (noting that prison officials' negligent failure to conduct a monthly review would not be actionable). Accordingly, in order to prevail on a claim of denial of the right of access to the courts, a prisoner must show actual prejudice to a non-frivolous claim. *Hadix v. Johnson*, 173 F.3d 958, 964 (6th Cir. 1999); *Jackson v. Gill*, No. 03-5045, 92 Fed. Appx. 171, 173 (6th Cir. Feb. 3, 2004) (citing *Lewis*, 518 U.S. at 351). "Actual prejudice" may include the dismissal of a case, an inability to file a complaint or the failure to meet a court-imposed deadline. *Jackson*, 92 Fed. Appx. at 173. *See also Winburn v. Howe*, No. 00-2243, 43 Fed. Appx. 731, 733

(6th Cir. Mar. 21, 2002) ("An 'actual injury' does not occur 'without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented.'") (quoting *Root v. Towers*, 238 F.3d 423 (6th Cir. 2000)).

Here, plaintiff appears to base a claim of denial of access to the courts on defendant Croft's failure to issue a written decision on plaintiff's grievance appeal within 30 days. *Verified Complaint*, p. 18. However, such a claim is without merit because there is no constitutional right to pursue a prison grievance. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335 (Table), 2000 WL 799760, **3 (6th Cir. 2000).

Furthermore, to the extent that plaintiff may argue that his ability to file this action depended on his exhaustion of the grievance procedure, plaintiff misapprehends his obligations under the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a), which requires the exhaustion of only those "administrative remedies *as are available.*" *Id.* (emphasis added). If defendants actually prevented plaintiff from pursuing his administrative grievances, those administrative remedies were not available to him and his failure to exhaust those remedies would not have prevented him from proceeding to file his claims in this Court. *See Boyd v. Corrections Corp. Of America*, 380 F.3d 989, 996 (6th Cir. 2004)(noting that exhaustion of administrative remedies will be deemed complete if prison officials fail to respond to grievance). Moreover, plaintiff points to no prejudice or disadvantage to him or to his claims as a result of any delay on the part of defendant Croft in promptly processing his administrative grievances. While the loss of the opportunity to be

heard may assume constitutional dimensions, delay without prejudice to the litigation will not. *See Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1997) ("Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.").

Accordingly, as to plaintiff's claim based on denial of access to the courts, the *Motion for Summary Judgment* is **GRANTED**.

### 5. Retaliation

Finally, plaintiff alleges that defendants retaliated against him. *See, e.g., Verified Complaint*, pp. 17-18. In moving for summary judgment on this claim, defendants argue that there is no causal connection between plaintiff's protected conduct and any adverse action and that, in any event, they would have taken the same action in the absence of the protected activity. *Motion for Summary Judgment*, pp. 7-11.

In order to state a claim for retaliation based on the exercise of constitutional rights, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in the conduct; and (3) the adverse action was taken, at least in part, by reason of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d at 394. Further, a plaintiff must show that the exercise of a protected right was a substantial or motivating factor in a defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

As an initial matter, plaintiff's retaliation claim as against

15

Inmate #1 and Inmate #2 must fail because these defendants were not the decision-makers at the RIB proceedings. *See Exhibits C* and *E*, attached to *Verified Complaint*; *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (finding no causal connection where defendant making comment was not the decision-maker); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999) (dismissing retaliation claim against defendants who were not the decision-makers).

In arguing that the remaining defendants[6] are entitled to summary judgment on this claim, defendants rely on several affidavits. *Motion for Summary Judgment*, pp. 6-11.  Determination of whether or not these remaining defendants were decision-makers, whether they had knowledge of the protected activity and/or whether they would have taken the same action in the absence of the protected activity raise factual issues to which the plaintiff has not yet substantively responded. Accordingly, it is **ORDERED** that plaintiff shall have 14 days to file a substantive response to the *Motion for Summary Judgment* as to the retaliation claim against remaining defendants Ben Gilliam, Russell Parrish, Sgt. W. Bricker, Sonja Holcomb, Lt. Lawrence Booghier, Sgt. Carpenter, Deb Timmerman-Cooper and Gary Croft.

### III.  *Plaintiff's Rule 56(f) Motion*

*Plaintiff's Rule 56(f) Motion* was filed in response to defendant's *Motion for Summary Judgment*.  Defendants contend that the Court should deny plaintiff's request for an extension of the discovery period, arguing that plaintiff fails to provide the

---

[6]The remaining defendants are Sgt. Ben Gilliam, Russell Parrish, Sgt. W. Bricker, Sonja Holcomb, Lt. Lawrence Booghier, Sgt. Carpenter, Deb Timmerman-Cooper and Gary Croft.

affidavit required by Rule 56(f) and that plaintiff's request for discovery is untimely.  Doc. No. 22.  This Court agrees.

Rule 56(f) of the Federal Rules of Civil Procedure establishes the proper procedure where a party concludes that additional discovery is necessary in order to respond to a motion for summary judgment:

> **When Affidavits Are Unavailable.**  If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may:
>
>    (1)   deny the motion;
>
>    (2)   order a continuance to enable affidavits to be obtained, depositions to be taken or other discovery to be undertaken; or
>
>    (3)   issue any other just order.

Fed. R. Civ. P. 56(f).  The affidavit required by the rule must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information."  *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000) (citing *Radich v. Goode,* 866 F.2d 1391, 1393-94 (3d Cir. 1989)).  A motion under Rule 56(f) may be properly denied where the requesting party "makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed information related to the truth or falsity of the [document] to be discovered," *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004) (citing *Ironside v. Simi Valley Hosp.,* 188 F.3d 350, 354 (6th Cir. 1999)), or where the affidavit  "lacks 'any details' or 'specificity.'"  *Id.* (quoting *Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989)).  *See also Cardinal v. Metrish*, 564 F.3d 794, 797-98 (6th Cir. 2009) ("If the

plaintiff makes only general and conclusory statements in his affidavit regarding the needed discovery, lacks any details or specificity, it is not an abuse of discretion for the district court to deny the request.").

In the case *sub judice*, plaintiff does not submit an affidavit supporting his request for additional discovery. Instead, he merely asserts in conclusory fashion that additional discovery is necessary to respond to the *Motion for Summary Judgment*. As discussed *supra*, this unsupported allegation is insufficient. *See*, *e.g.*, *Ball,* 385 F.3d at 720.

However, even if the Court considered plaintiff's request despite this deficiency, the motion is nevertheless without merit. The only discovery that plaintiff specifically identifies as necessary to respond to the *Motion for Summary Judgment* are the names and prison numbers of Inmate #1 and Inmate #2. *Plaintiff's Rule 56(f) Motion*. However, as discussed *supra*, all claims against these defendants must be dismissed. Accordingly, the discovery that plaintiff specifically identifies is not necessary to respond to the remaining claims that are the subject of the *Motion for Summary Judgment*.

Finally, on October 20, 2009, the Court established a discovery deadline of February 28, 2010. *Preliminary Pretrial Order*, Doc. No. 13. Rule 16 of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "only for good cause and the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, plaintiff's stated reason for an extension of discovery is that he has limited time to respond to the *Motion for Summary Judgment* as a result of the litigation demands stemming from plaintiff's other "4 or 5 active cases."

*Plaintiff's Rule 56(f) Motion*, pp. 2-3.  However, plaintiff admits that, other than the single interrogatory seeking the identity of Inmate #1 and Inmate #2, "no other discovery *has even been attempted* in this case[.]"  *Id*. at 2 (emphasis added).  Under these circumstances, where plaintiff has failed to even attempt to obtain additional discovery in the several months since the discovery deadline was set, plaintiff has failed to establish good cause for extending the discovery deadline in this case.  Accordingly, *Plaintiff's Rule 56(f) Motion* is **DENIED**.

**IV.**   *Motion to Compel*

Plaintiff seeks an order (1) compelling defendants to provide the names and prison numbers of Inmate #1 and Inmate #2, and (2) to toll the 120 day-deadline to serve these defendants.  *Motion to Compel*.  For the reasons discussed *supra*, plaintiff's request is now moot.  Accordingly, the *Motion to Compel* is **DENIED**.

**WHEREUPON**, in sum:

1. *Plaintiff's Motion to Compel Discovery and Toll the 120 Days in Which to Serve Defendants Inmates #1 and #2*, Doc. No. 17, is **DENIED**;

2. *Plaintiff's Motion to Deny or Put Defendants' Motion for Summary Judgment in Abeyance Pending Discovery and to Obtain Affidavits*, Doc. No. 21, is **DENIED**;

3. *Defendants' Motion for Summary Judgment*, Doc. No. 20, is **GRANTED** as to plaintiff's claims of Section 1985 civil conspiracy; violation of procedural due process rights; violation of rights under the Eighth Amendment; violation of right of access to the courts

against all defendants and **GRANTED** as to plaintiff's retaliation claim against defendants Inmate #1 and Inmate #2.  It is further **ORDERED** that plaintiff shall have 14 days to file a substantive response to the *Motion for Summary Judgment* as to the retaliation claim against the remaining defendants Ben Gilliam, Russell Parrish, Sgt. W. Bricker, Sonja Holcomb, Lt. Lawrence Booghier, Sgt. Carpenter, Deb Timmerman-Cooper and Gary Croft.


June 30, 2010               *s/Norah McCann King*
                           Norah M<sup>c</sup>Cann King
                           United States Magistrate Judge