**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DENNIS M. WOLFEL,**

       **Plaintiff,**

  vs.                                                       **Civil Action 2:09-CV-756**

                                                                    **Magistrate Judge King**

**SGT. BEN GILLIAM,** *et al.*,

       **Defendants.**

**OPINION AND ORDER**

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. §§ 1983 and 1985, alleging that defendants conspired and retaliated against him for engaging in protected activity in violation of his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution.  On June 30, 2010, this Court granted summary judgment in favor of defendants as to all claims except plaintiff's retaliation claim against defendants Ben Gilliam, Russell Parrish, Sgt. W. Bricker, Sonja Holcomb, Lt. Lawrence Booghier, Sgt. Carpenter, Deb Timmerman-Cooper, Gary Croft and Unknown Third Member of the Rules Infraction Board ("Unknown Third Member")[1] (collectively, "the remaining defendants").  *Opinion and Order*, Doc. No. 23.  With the consent of the parties, *see* 28 U.S.C. §636(c), his matter is before the Court on defendants' motion for summary judgment as to plaintiff's retaliation claim against the remaining defendants Doc. No. 20.  Although plaintiff has been provided

---

[1] The Court inadvertently made no reference the Unknown Third Member when summarizing the remaining defendants in its prior *Opinion and Order*, Doc. No. 23.

the opportunity to respond to the motion, *Opinion and Order*, Doc. No. 20, there has nevertheless been no response to the motion for summary judgment as to the retaliation claim against the remaining defendants.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In support of their motion for summary judgment as to the retaliation claim, defendants submit affidavits and other documentary evidence. Because plaintiff has not responded to the motion for summary judgment as to the retaliation claim, the facts stated in the affidavits and other papers submitted in support of defendants' motion are accepted as true by the Court.

Plaintiff alleges that defendants conspired against him to convict him of rules violations in retaliation for engaging in protected conduct, namely, (1) initiating a federal lawsuit, *Wolfel v. Collins*, Case No. 2:07-cv-1296 ("Pending Action"), and (2) filing an informal complaint on June 23, 2008, against defendant Sergeant Ben Gilliam for harassment. By way of background, in December 2007, plaintiff filed the Pending Action, which is a separate civil rights action in this Court, naming as defendants, *inter alios*, Russell Parrish, Deb Timmerman-Cooper and Gary R. Croft.

On June 23, 2008, plaintiff filed an informal complaint, alleging harassment, against defendant Sergeant Gilliam ("Informal Complaint").

2

*Id*. at ¶ 17.

On July 3, 2008, the same day that his deposition in the Pending Action was taken, plaintiff was placed in disciplinary isolation pending an investigation into whether he had violated London Correctional Institution ("LCI") Rule 8 (threatening bodily harm on another) and Rule 60 (aiding and abetting or conspiracy to violate another rule). *Verified Complaint*, Doc. No. 4, ¶¶ 25-30 (citing *Exhibit A1-A2*, attached thereto). Thereafter, on July 14, 2008, plaintiff was served with a conduct report, written by defendant Bricker ("the Conduct Report"), charging plaintiff with violating Rules 8 and 60. *Id*. at ¶¶ 26-30 (citing Exhibit B, attached thereto). On August 14, 2008, LCI's Rules Infraction Board ("RIB") held a hearing and found plaintiff guilty of violating Rules 8 and 60 ("the RIB proceedings" or "disciplinary proceedings"). *Id*. at ¶¶ 31-37; *Affidavit of Lawrence Booghier*, ¶ 6, attached as Exhibit A to defendants' motion for summary judgment ("*Booghier Aff*."). The RIB recommended as punishment 15 days in disciplinary control (August 14, 2008 through August 29, 2008) and referral a Local Control Placement Review hearing ("Local Control hearing") ("RIB decision"). *Verified Complaint* ¶¶ 34-37 (citing *Exhibit C*, attached thereto); *Booghier Aff*. ¶ 6. Plaintiff appealed the RIB decision, which was affirmed. *Verified Complaint* ¶ 38; *Affidavit of Dwight Presler*, ¶¶ 3, 9, attached as Exhibit B to defendants' motion for summary judgment ("*Presler Aff*.").

In August 2008, subsequent to the RIB proceedings but before the Local Control hearing, plaintiff received a letter from an inmate identified as "Smith" which, according to plaintiff, undermined

3

plaintiff's disciplinary conviction. *Verified Complaint* ¶¶ 40-41. Plaintiff presented the letter's contents at the Local Control Placement Review hearing. *Id*. at ¶ 42. However, LCI personnel believed that a friend of plaintiff wrote the letter; plaintiff's security level was increased. *Id.*; *Presler Aff.* ¶ 11. Plaintiff appealed the increase of his security level to Terry J. Collins, ODRC Director at the time, who affirmed the increase in plaintiff's security level. *Presler Aff.* ¶ 11.

In order to state a claim for retaliation based on the exercise of constitutional rights, a plaintiff must show that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in the conduct; and (3) the adverse action was taken, at least in part, by reason of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Further, "the subjective motivation of the decisionmaker is at issue - that is, the plaintiff must show that the decision was motivated, at least in part, by the plaintiff's protected activity." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). If defendants can establish that they would have taken the same action regardless of any protected activity on plaintiff's part, the plaintiff cannot prevail on his claim of retaliation. *See Thaddeus-X,* 175 F.3d at 399 (citing *Mount Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)).

As an initial matter, plaintiff's factual allegations against defendant Croft relate to plaintiff's claims for violation of due process and denial of access to the courts, claims that this Court has already addressed. *Verified Complaint* ¶¶ 47-49; *Opinion and Order*,

4

Doc. No. 23, pp. 11, 14.

In addition, as to plaintiff's claim of retaliation against defendant Gilliam, the Court concludes that plaintiff cannot establish the first prong, namely that plaintiff was engaged in protected activity. Specifically, plaintiff alleges that defendant Gilliam's alleged harassment was done in retaliation for throwing batteries at another corrections officer. *See Verified Complaint* ¶ 17 and Exhibits A1-A2, attached thereto; *Affidavit of Donald Coble*, ¶ 2-3, attached as Exhibit D to defendants' motion for summary judgment *("Coble Aff.")* and documentary evidence attached thereto. However, throwing batteries at a corrections officer cannot be properly characterized as constitutionally protected conduct.

Moreover, plaintiff has not shown the required causal connection as to the remaining defendants. Defendants identify the decisionmakers as the RIB members, defendants Booghier, Carpenter and Unknown Third Member, and defendants Bricker and Timmerman-Cooper (through administrative assistant Mr. Presler). *Booghier Aff.* ¶¶ 4-8; *Presler Aff*. ¶¶ 3, 9-11; *Bricker Aff*. ¶¶ 4-5; *Coble Aff.*, ¶¶ 2-3 and documentary evidence attached thereto. Accordingly, the retaliation claim as to the remaining defendants who were not decisionmakers, *i.e.,* defendants Gilliam, Parrish[2] and Holcomb, must fail. *See Smith*, 250 F.3d at 1038.

Furthermore, plaintiff does not allege that the remaining defendants knew of his Pending Action or other protected conduct. *Verified Complaint* ¶ 1 (alleging that defendants "entered into a

---

[2]In any event, it does not appear that plaintiff asserted specific allegations of retaliation against defendant Parrish.

5

conspiracy. . . to retaliate against Wolfel for filing grievances and lawsuits against prison officials"). However, plaintiff's conclusory allegations of retaliatory motive are insufficient to survive summary judgment. *See*, *e.g.*, *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). Even if the requisite knowledge had been alleged, defendants' affidavits establish that they would have taken the same action regardless of any protected activity on plaintiff's part. *See Booghier Aff.* ¶¶ 4-8; *Presler Aff*. ¶¶ 3, 5-11; *Bricker Aff*. ¶¶ 4-5; *Coble Aff.* ¶ 3 and documentary evidence attached thereto. Under these circumstances, it cannot be said that, but for plaintiff's protected activity, he would not have received a Conduct Report or an increase of his security level. *See Thaddeus-X*, 175 F.3d at 399.

**WHEREUPON**, the *Motion for Summary Judgment of Defendant Ohio Department of Rehabilitation and Correction*, Doc. No. 20, as to the retaliation claim against the remaining defendants Ben Gilliam, Russell Parrish, Sgt. W. Bricker, Sonja Holcomb, Lt. Lawrence Booghier, Sgt. Carpenter, Deb Timmerman-Cooper, Gary Croft and Unknown Third Member of the Rules Infraction Board, is **GRANTED**.

The Clerk shall enter **FINAL JUDGMENT** in this case.


July 30, 2010                              *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge